### No. 388

#### First Circuit

**EVANGELINE PEPPER PRODUCTS CO. v. DALFERES CIGAR AND TOBACCO CO.**

(January 9, 1929. Opinion and Decree.)

Voorhies and Labbe, of Lafayette, attorneys for plaintiff, appellee. .

A. W. Dalferes, of Lafayette, attorney for defendant, appellant.

MOUTON, J. Plaintiff brought suit for $192.94, balance on open account for goods alleged to have been delivered to defendant between Dec. 25, 1925, and Feb. 24, 1926.

A tender of $72.62 was made by defendant, for which judgment was rendered against it before trial, which, with a recognized allowance of $2.39 for freight charges, reduced the claim of the plaintiff to $117.20, the amount decreed below, from which defendant prosecutes this appeal.

The defendant, in its answer, after admitting its indebtedness for $72.62 for which judgment was rendered, as hereinabove stated, avers that some of the goods though received without any previous order, the delivery thereof was accepted in pursuance of the custom of trade in such goods, that respondent would undertake to sell them, and thus introduce the goods in the vicinage, and would pay for portions that were marketable, with the right of returning or being given credit for goods that would spoil while in its possession, or for any other reason rendering them unsaleable; that it was also agreed that defendant would have the right, at all times, to exchange the goods for others of a similar character, and that when a larger amount was delivered than respondent desired to handle, the excess would be returned for which proper credit would be allowed. Finally, defendant specially denies that an outright sale was made of the goods, but avers they were bought under the conditions hereinabove stated.

Counsel for defendant says that all things not forbidden by law may become the subject of a contract. This is obvious, and no one disputes the correctness of that proposition.

Plaintiff testifies that the sale was made in the regular course of its business, and according to its invoices which ordinarily accompany the shipment of its goods to its various customers, and denies that its agreement with defendant was handicapped by the stipulations specially alleged in defendant's answer. The issues disclosed by the record are as to whether the goods were sold or simply consigned to defendant or had been shipped without previous order or were oversized, spoiled or unsaleable.

A correct decision of this case depends on a proper solution of the foregoing contentions. It will be observed that the last items carried on the account run to the latter part of February, 1926. It is shown by the testimony of J. J. Fournet, attorney, that in September, 1926, he called on defendant for payment of this balance of the account. In answer to the demand for its collection, defendant contended that the goods had been sold on consignment, and offered to return them in full settlement of the claim. M. D. Dalferes, one of the defendants, said that in a conversation he had with Builliard, a member of plaintiff company. Builliard told him he had not sold his goods on consignment, to which Dalferes replied: "I never claimed that."

In a letter by M. D. Dalferes, dated March 5, 1926, addressed to the plaintiff company, Dalferes said he had never told Builliard that the goods had been sold on consignment. Hence, it is well established by the record, that the sale was not on consignment, and there is, therefore, no merit in such a defense. Although it is not urged as a defense that some of the goods had been shipped without previous order, evidence was introduced to sustain this contention. It is, however, admitted by defendant, as appears on the note of evidence, that the goods listed on plaintiff's invoices had been delivered to defendant company, and accepted. This acceptance constituted a ratification of the sale, and has the legal effect of eliminating the question as to whether there had been an order authorizing the shipments.

The defendant, it seems, contends that although the goods were accepted, the acceptance was in pursuance to the conditions embodied in the special defenses hereinabove referred to. The marrow of these specific defenses, and which formed the gravamen of the contest, was in reference to the right claimed by defendant, that it would be given credit for the portions of the goods that "became spoiled while in respondent's possession, or for any other reason rendering them unsaleable."

In answer to a letter from plaintiff of date Feb. 2, 1926, defendant company in a letter dated Feb. 6, 1926, said in part: "Your candy is not in an unsaleable condition but we have had quite a few kicks, not as to its quality but as to its size." Here, we have a direct acknowledgment from defendant that the goods were not unsaleable, and in addition, a recognition that they were unobjectionable as to quality. This fully answers the contention raised as to their unsaleableness, especially when taken in connection with the refusal of defendant to pay the account to Attorney Fournet long after September, when the only objection to the claim was that the goods were sold on consignment, a statement not supported by the record.

In this letter of defendant of February 6, 1926, a complaint appears as to the size of the goods, for the first time, and which is not urged as a defense, but found its way in the record as one of the contested points. After stating in that letter that there had been a few kicks in reference to the size of these goods, the writer concludes as follows: "Please send us a credit memorandum for merchandise returned to you, and send us a statement of our account and we shall settle." It is manifest from such expressions that neither the unsaleableness or size of the goods were considered at all, as reasons justifying a repudiation of the contract.

We now pass lastly to the issue raised in reference to the allegation that the goods or portions thereof, were spoiled. If they had been spoiled it occurs to us that they would have likewise been unsaleable at the time the letter of February 6th was written. The fact is, that Mr. M. D. Dalferes was asked by attorney for plaintiff if any of the products of plaintiff company were spoiled when that letter was written. His answer to that question is that he does not remember. According to the tenor of that answer, the goods might or might not have been spoiled at that time, although in that letter it was stated by Mr. Dalferes that they were not unsaleable, and that there was no complaint as to their quality. On March 4, 1926, as appears on the account, a cash payment of $75.00 was made by defendant, and without complaint that the goods were spoiled or unsaleable. And much later, in September, 1926, when the bill was presented for collection by J. J. Fournet, the

only objection urged to its payment was, that the goods had been sold on consignment. It is fair to infer that if they had been either spoiled or unsaleable at that time, a complaint to that effect would have been made by defendant. Under such a state of facts, our conclusion is that the court below properly denied the relief sought by defendant.